AUSA Mary Katherine McClelland (312) 371-1078

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

NOE CORDOVA

Case No.:
1:26-cr-00040
BETH W. JANTZ
Magistrate Judge

**FILED**
JAN 2 8 2026
Magistrate Judge Beth W. Jantz
United States District Court

## AFFIDAVIT IN REMOVAL PROCEEDING

I, AMY E. JENKINS, appearing before United States Magistrate Judge BETH W. JANTZ by telephone and being duly sworn under oath, state that as a federal law enforcement officer I have been informed that NOE CORDOVA has been charged by Indictment in the Western District of Texas with the following criminal offenses: conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; conspiracy to possess with intent to distribute tetrahydrocannabinol (THC), in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

A copy of the Indictment is attached. A copy of the arrest warrant also is attached.

_____
AMY E. JENKINS
Special Agent
Drug Enforcement Administration

SWORN TO AND AFFIRMED before me this 28th day of January, 2026.

_____
BETH W. JANTZ
United States Magistrate Judge

Case: 01:2025-CR-00563   Document: 11   *SEALED*   Filed: 12/22/2025   Page 1 of 2

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 1:26-CR-00563-003 |
| Noe Cordova | ) |
| | ) |
| Defendant | ) |

## ARREST WARRANT

**To:** Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* **Noe Cordova**

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint

☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Count 1 – 21 USC 846 – Conspiracy to Possess w/intent to Distribute Marijuana.
Count 2 – 21 USC 846 – Conspiracy to Possess w/intent to Distribute Tetrahydrocannabinol (THC);
Count 3 – 18 USC 1956(h) – Conspiracy to Commit Money Laundering.

Date:    12/18/2025

                                                            *Issuing officer's signature*

City and state:    Austin, TX                           Dustin Howell, U.S. Magistrate Judge

                                                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                      *Arresting officer's signature* |
|                                                            *Printed name and title* |


Scanned with
CamScanner

Case: 01:2025-CR-00563    Document: 3    *SEALED*    Filed: 12/18/2025    Page 1 of 5

FILED

December 16, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ sec
                        DEPUTY

SEALED

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v<br><br>■■■■■■ (1)<br>GABRIEL ROMERO (2)<br>NOE CORDOVA (3)<br>ERIK BRIONES (4)<br>JOSE MORALES (5)<br>ELIJAH MARRERO (6)<br>■■■■■ (7)<br>BREANA GOMEZ (8)<br>■■■■ (9)<br>STAN SPENCER (10)<br>MIGUEL CASTELLON (11)<br><br>Defendants | **INDICTMENT**<br><br>[Ct. 1: 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Marijuana; Ct. 2: 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Tetrahydrocannabinol (THC); and Ct. 3: 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]<br><br>**1:25-cr-00563-ADA-DH**<br><br>**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE** |

THE GRAND JURY CHARGES:

### COUNT ONE
Conspiracy to Possess with Intent to Distribute and Distribution
of a Controlled Substance, Marijuana
(Violation of 21 U.S.C. § 846)

Beginning on or about March 1, 2022, and continuing through December 16, 2025, in the

Western District of Texas and elsewhere, , GABRIEL ROMERO, NOE

CORDOVA, ERIK BRIONES, JOSE MORALES, ELIJAH MARRERO, 

▇▇▇▇▇, BREANA GOMEZ, ▇▇▇▇▇▇▇, STAN SPENCER, and MIGUEL

CASTELLON, defendants, did intentionally and knowingly combine, conspire, confederate, and

Indictment – Page 1

agree together and with each other, and with other persons known and unknown to the Grand

Jury, to possess with intent to distribute and distribute 100 kilograms or more of a mixture and

substance containing a detectable amount of marijuana, a controlled substance.

In violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. §

841(b)(1)(B).

## COUNT TWO
### Conspiracy to Possess with Intent to Distribute and Distribution
### of a Controlled Substance, THC
### (Violation of 21 U.S.C. § 846)

Beginning on or about March 1, 2022, and continuing through December 16, 2025, in the

Western District of Texas and elsewhere, ▌▌▌▌▌ GABRIEL ROMERO, NOE

CORDOVA, ERIK BRIONES, JOSE MORALES, ELIJAH MARRERO, ▌▌▌▌▌

▌▌▌▌▌ BREANA GOMEZ, ▌▌▌▌▌ STAN SPENCER, and MIGUEL

CASTELLON, defendants, did intentionally and knowingly combine, conspire, confederate, and

agree together and with each other, and with other persons known and unknown to the Grand

Jury, to possess with intent to distribute and distribute a controlled substance, namely

Tetrahydrocannabinol (THC), a controlled substance.

In violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. §

841(b)(1)(C).

## COUNT THREE
### Money Laundering
### (Violation of 18 U.S.C. § 1956(h))

Beginning on or about March 1, 2022, and continuing through December 16, 2025, in the

Western District of Texas and elsewhere, ▌▌▌▌▌, GABRIEL ROMERO, NOE

CORDOVA, JOSE MORALES, and BREANA GOMEZ, defendants, and others known and

unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire,

Indictment – Page 2

confederate and agree together to commit certain offenses under 18 U.S.C. §1956, as follows:

a) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved property which was the proceeds of specified unlawful activity, to wit, unlawful possession with intent to distribute a controlled substance, marijuana and THC, with the intent to promote the carrying on of said specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

b) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved property which was the proceeds of specified unlawful activity, to wit, unlawful possession with intent to distribute a controlled substance, marijuana and THC, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

In violation of 18 U.S.C. § 1956(h), the penalty for which is found at 18 U.S.C. § 1956(a)(1).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [See Fed. R. Crim. P. 32.2]

### I.
### Controlled Substance Violation and Forfeiture Statute
### [Title 21 U.S.C. §§ 841(b)(1)(B) and (b)(1)(C) & 846, subject to forfeiture pursuant Title 21 U.S.C. §§ 853(a)(1) & (2)]

As a result of the criminal violations set forth in Counts One and Two, the United States of America give notice to the Defendants of its intent to seek the forfeiture of property, including the items listed below, upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(a)(1) & (2).   Section 853 specifically provides the following:

**Title 21 U.S.C. § 853**
(a) Any person convicted of a violation of this subchapter or subchapter II of this

chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law;

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . .

## II.

## Money Laundering Violation and Forfeiture Statutes
[Title 18 U.S.C. § 1956(h), subject to forfeiture pursuant Title 18 U.S.C. § 982(a)(1)]

As a result of the criminal violation set forth in Count Three, the United States of America give notice to the Defendants of its intent to seek the forfeiture of property, including the items listed below, upon conviction and as part of sentencing pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(1), which states:

### 18 U.S.C. § 982. Criminal Forfeiture
(a)(1) The court is imposing sentence on a person convicted of an offense in violation of sections 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture include but is not limited to the property and money judgment described in Paragraph III.

## III.
## Subject Property

**Real Property:**

**6412 LANTERN VIEW DR, JONESTOWN TX 78645**
LOT 6, IN BLOCK G, OF NORTHSHORE ON LAKE TRAVIS PHASE TWO, AN ADDITION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN/UNDER DOCUMENT NUMBER 200100375 OF THE OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS.

**Money Judgment:**

Indictment – Page 4

A sum of money that represents the property involved in and/or the amount of proceeds traceable, directly or indirectly, to the violations set forth in Counts One through Three, for which the Defendants are individually liable.

**Substitute Assets:**

If any of the property described above, as a result of any act or omission of the Defendants:

a. Cannot be located upon the exercise of due diligence;
b. Has been transferred or sold to, or deposited with, a third person;
c. Has been placed beyond the jurisdiction of the Court;
d. Has been substantially diminished in value; or
e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by the Defendants up to the value of the Money Judgment as substitute assets, pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By: _____
FOR: DANIEL D. GUESS
ASSISTANT UNITED STATES ATTORNEY

Indictment – Page 5